IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK S. MCVEY                                                                              PLAINTIFF

vs.                                    Civil No. 3:13-cv-03005

CAROLYN W. COLVIN                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Mark S. McVey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and period of disability under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff filed an application for DIB and SSI on September 18, 2008.  (Tr. 113-123).  Plaintiff alleged he was disabled due to injuries to his left arm and shoulder.  (Tr. 144).  Plaintiff alleged an onset date of May 27, 2008.  (Tr. 113).  These applications were denied initially and again upon reconsideration.  (Tr. 71-82).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

applications and this hearing request was granted. (Tr. 83).

Plaintiff's initial administrative hearing was held on September 4, 2009. (Tr. 27-63). Following this hearing, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 9-18). Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-5). On September 7, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 13, 2010, Plaintiff filed an appeal in the United States District Court. (Tr. 467).

On December 8, 2011, this matter reversed and remanded the matter to the Commissioner for further consideration. (Tr. 464-472). Specifically, this matter was reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).

Plaintiff's second administrative hearing was held on June 15, 2012. (Tr. 410-443). Plaintiff was present at this hearing and was represented by counsel, Frederick Spencer. *Id.* Plaintiff and Arthur Greathouse testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (Tr. 413). Plaintiff testified he finished the 9th grade. *Id.*

On September 28, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 392-404). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 394, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 27, 2008, his alleged onset date. (Tr. 394, Finding 2).

The ALJ determined Plaintiff had severe impairments including tendonitis and mood

disorder. (Tr. 394, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 395, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 396-402, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work, except he was limited to frequent climbing, balancing, crawling, kneeling, stooping, crouching, fingering, and handling, and occasional overhead work. (Tr. 396, Finding 5). The ALJ also found Plaintiff had the ability to understand, remember, and carry out only simple, routine, and repetitive tasks; respond to usual work situations and routine work changes; respond to supervision that is simple, direct, and concrete; and occasionally interaction with supervisors, co-workers, and the public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 402, Finding 6). The ALJ found Plaintiff unable of performing his PRW as a meat dresser/butcher, cardboard bailer, construction worker and van driver. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 403, Finding 10). The VE answered interrogatories regarding this issue. (Tr. 403). Based upon the interrogatory answers, the ALJ determined Plaintiff retained the ability to perform other work such as a machine tender/operator with 3,750 such jobs in Arkansas and 295,910 such jobs in the nation, assembler with 645 such jobs in Arkansas and 84,943 such jobs in the nation, and inspector/tester with 960 such jobs in Arkansas and 105,788 such jobs in the nation. *Id.* Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from May 27, 2008 through the date

3

of his decision. (Tr. 403, Finding 11).

On January 8, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 7, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 13, 15. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff claims the following: (1) the ALJ improperly assessed Plaintiff's credibility and (2) the ALJ erred in the RFC determination. *Id.* Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ entirely disregarded *Polaski*. (Tr. 18-23).  Instead, the ALJ stated the *Polaski* factors and recognized he should consider those factors. (Tr. 18-19).  Then, the ALJ provided a long series of what appeared to be "canned" paragraphs, not addressing the specific facts of this claim, stating he had complied with the applicable standards and stated the following:

> I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the *claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible, to the extent they are inconsistent with the above residual functional capacity assessment.*

(Tr. 398) (emphasis added).

The ALJ briefly stated Plaintiff had little treatment and did not take prescription medicine. He also went on to state Plaintiff's alcohol abuse cast doubt on Plaintiff's credibility. (Tr. 402). However, this last statement completely contradicts an earlier finding by the ALJ wherein he stated Plaintiffs's history of alcohol use was not material to his decision in this case. (Tr. 401).

This was entirely inappropriate and improper under *Polaski*. The *Polaski* factors should be considered so that the ALJ does not discount the claimant's subjective complaints based upon the medical records alone. *See Polaski,* 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them").  Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of March 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE